The next case today is United States v. Muhammad Abdulaziz, Appeal No. 19-2030. Attorney Tomposky, please reintroduce yourself on the record. Good morning, Your Honors. Michael Tomposky for the defendant, Muhammad Abdulaziz. Your Honors, the defendant's sentence in this case was improperly enhanced because the court below ruled that a Massachusetts marijuana conviction counted as a controlled substance offense for the purpose of the guidelines. This was incorrect because at the time that the defendant was convicted in Massachusetts, the Massachusetts drug statute punished, among other things, the possession with intent to distribute low-dose marijuana, also known as hemp. But at the time that the defendant was sentenced federally, the federal drug schedule no longer punished and no longer controlled low-dose marijuana, also known as hemp. Therefore, the defendant's Massachusetts conviction was not a categorical match for the federal offense and thus was overbroad and should not have been counted as a controlled substance offense. The result was a four-point increase in the defendant's guidelines, which he should not have received. So, I think instructive is a recent case that I outlined in a Rule 28J letter out of the Ninth Circuit, Bautista, which dealt with this exact issue and did so, quite frankly, on plain error of view. It had not been raised below, unlike here where it was raised and litigated. And there, similar to the case here, the defendant had been convicted of a state-level marijuana conviction and was sentenced federally sometime later and the court ruled that you must look at the state conviction and the drug schedules at the time of the state conviction and compare that to the federal drug schedules at the The use of the word subsequent to sustaining seems to set up a chronology here where we look at whether the commission of the instant offense was subsequent to sustaining two felony convictions. Does that tell us something about, does that orient us chronologically at all in terms of how consistent with that would we then ask what is a CSO at the time of sentencing? I don't think it tells us anything about the chronology, Your Honor. I think that federal sentencing, we look at the state of the law, and this is consistent throughout federal sentencing in various aspects. We look at the state of the law at the time of the sentencing. We look at the state of play at the time of sentencing. What is the defendant's record at the time of sentencing, not the time of offense? What is the relevant conduct that occurred at the time of sentencing? This could include post-indictment conduct. So the question is when do we think about what a controlled substance is for the purpose of the federal generic offense? And the answer to that is we look at the time of sentencing. It would not make sense to create one rule that says look at the federal generic offense at the time of indictment or the date of offense, another rule that says let's look at things on the date of sentencing, another rule that says look at things on the date of play. We want to have a uniform sentencing policy. Here's the puzzle. The phrase controlled substance is in the guideline, but then it doesn't tell us what content that has, the guideline itself, right? Correct. Okay, then we have a federal drug schedule, which exists not to flesh out the guideline necessarily but for purposes of defining federal crimes. So presumably if your client had committed the same conduct and was charged federally, the drug schedule, the federal drug schedule that we would apply in determining that conviction would be the old drug schedule, right? I haven't thought about that, but I suppose that if the substance was controlled at the time that he possessed it, then he would be charged. And then if at time of sentencing the drug schedule had subsequently changed, we wouldn't say that that change stripped it of being a controlled substance offense because he was convicted at the time of controlled substance offense because at the time the schedule made it one, right? I suppose it would depend on whether the change was made retroactive by Congress. But it wasn't. Let's say the drug schedule was not. So the odd thing here is I completely understand the coherence of your argument, but it does have the consequence that if you're convicted of the state offense, the change in the drug schedule figures differently than if you're convicted of the federal offense. That seems odd. Well, I don't think so, because if you think about it from a due process notice perspective, you ought to know what conduct is illegal when you're out there in the world and what you can do and what you can't do. And so it makes sense to punish someone for possessing with intent to distribute a drug that's illegal. But for the purpose of sentencing, it makes sense for someone to know what they're facing from the guidelines when they go to sentencing and therefore I think it makes more sense from a policy perspective to look at the state of the law at the time of sentencing federally, whereas obviously if you commit an offense, you should look at the state of the law at the time that you commit the offense and that makes sense in that context. Let me try another hypothetical to see if I get at this timing. On day one, I'm caught and charged with possessing marijuana and it's a controlled substance and the maximum penalty is two years and I'm sentenced to two years. So it's a felony conviction for possession of a controlled substance. I then commit another crime. The federal law then changes so that the maximum penalty is only six months and I'm then sentenced for that other crime. If I ask the question at the time of my sentencing, did I convict the crime that I'm being sentenced for subsequent to sustaining a felony conviction for a CSO, wouldn't the answer be yes? If I understand the question, it's that you commit one federal offense or state offense, I suppose. Well, if it's a federal offense and it's a felony because of the sentence, but then the change is not taking marijuana off the list. The change is shortening the sentence so it's no longer a felony. So I believe the Supreme Court answered that question with respect to the length of the maximum punishment in the McNeil case which says that in that context, you look at the state of the law at the time of conviction. McNeil was a state case though, wasn't it? It was. I'm not sure the rule would be any different if it were a prior federal offense. Well, if McNeil isn't distinguished, then how do you prevail here? Because I agree that you look at the state of the state law at the time of the state conviction which is what I'm asking the court to do here. The question not addressed in McNeil is when you are comparing state and federal law, what version of federal law do you use? McNeil is simply irrelevant to the case at hand. I'm sorry, Judge Barron, I cannot hear you. The puzzle here for me is that I would assume in McNeil, if ACCA had been amended so that it said a serious offense, which it defined as a serious offense is an offense that carries a 10-year minimum sentence, right? At least a 10-year minimum. If ACCA had been amended to say a serious offense is an offense that carries a 15-year minimum sentence, then we would apply ACCA's 15-year limit at the time of sentencing, right? Consistent with your view. So even if I was convicted of an offense that was at a 10-year sentence at a time when ACCA treated that as a serious offense, if by the time of sentencing ACCA had been amended to treat serious offenses as only things with a 15-year sentence, we wouldn't say, well, you get the enhancement because back then ACCA was different. You're saying it's just like this case. I think that's basically correct, Your Honor, which is generally... But wait, I totally understand that. The tricky thing here is that the amendment here is not to the guideline. The amendment is to the drug schedule. So in the ACCA example, it's an amendment to ACCA itself. And what I can't quite tell is when it's an amendment to the drug schedule, what that tells us about what was meant by controlled substance in the guideline. Is that just a definition? It's as if it's a definition in the guideline of controlled substance that floats with the drug schedule? Or is it a different way of thinking about it? It's a statement sort of out there, controlled substance. And then we look at, at the time of conviction, were things controlled substances then? Neither one seems a plausible construction of the statute to me. I don't know what we do with that ambiguity, whether that means you apply lenity or what you're supposed to do. I don't quite know, but I can't tell between those two competing interpretations of controlled substance, which would be better. I don't think Neil speaks to that question. It doesn't speak to it. No Supreme Court case speaks to it exactly, although several circuits speak to it. And they say that the guidelines define... You may finish your answer. The guidelines define a federal generic offense. And in this case, the nature of that offense can shift over time depending on the DEA's drug schedules. And so definition will also shift over time. If there are no more questions for Mr. Toomposky, thank you. Thank you. Sir, you can mute your device at this time. And Attorney Wickers, please reintroduce yourself for the record. Good morning, Your Honors. Christina Wickers for the United States. May it please the court, we have offered two bases to affirm the decision of the district court. The first is the McNeil analysis that we have briefed. And the second is the issue that we touched upon in our response to the Rule 28J letter discussing the circuit split on the issue of whether controlled substance offense in the guidelines must be defined with reference to the federal CSA. The narrower basis for... Can I ask just at the threshold of this, why do we have to even look at this circuit split where the government didn't raise that issue until the filing of the 28J letter? It seems to me that that argument from the government's point of view that this court should adopt the Fourth and Seventh Circuit's approaches was weighed by not bringing that up earlier. We agree, Your Honor, that this court should need to choose a side in that circuit split on that issue. McNeil answers the question with reference to the exact language that Judge Chiara mentioned before, which is the language in Guideline 2K2.1A2 asking whether the defendant committed the instant offense subsequent to sustaining at least two felony convictions that qualify. And that language presents a backward-looking question, which is the phrase used by the Supreme Court in McNeil, which faced a backward-looking question in language in the ACCA that asked if the defendant had three previous convictions. Before you get into it, could you just answer Judge Smith's question? If we disagreed with you on McNeil, why isn't your fallback argument weighed? Well, we did raise it, but Your Honors can affirm on any basis that's evident in the record. We did raise it at the district court level. I acknowledge that it was not raised in our brief before this court, but if you can affirm on any basis that is evident in the record, you could affirm on those grounds. And certainly, neither side briefed that particular circuit split issue, partly as it's brand new, and the government will be happy to address that in a 28-J letter if the court wished. But we do feel that McNeil is the stronger argument and the narrower basis for affirmance. Suppose ACCA had been amended to say that a serious offense is an offense that carries a 20-year minimum sentence instead of a 10-year minimum sentence. If a person had committed an offense that had a 15-year minimum sentence, prior to that change in ACCA, but was then sentenced after the change in ACCA had been made, wouldn't we apply the new ACCA rather than the old one? Your Honor, are you asking about the definition of serious drug offense in the ACCA? Yeah. The way this ACCA reads is that we know it's a serious offense based on how long the sentence is. Okay. If I'm convicted of an offense at the time ACCA says that serious offense only needs to carry a 10-year minimum, but I'm then sentenced at the time when ACCA had been amended to say a serious offense must carry a 20-year minimum, wouldn't we apply the new ACCA to determine whether the enhancement applies? I don't believe so. Well, McNeil doesn't say we wouldn't. McNeil does not address that question. McNeil was—the definition of ACCA was the same at the time of conviction as at the time of we wouldn't apply the ACCA that was operative at the time of sentencing in determining whether there was a serious offense. I don't know of any case law that suggests we wouldn't. I guess the distinction is that the term serious drug offense in ACCA does not contain language that leads to a backward-looking question. Yes, it does. It says prior conviction. That's true, but the term serious drug offense, which is where you have the 10-year penalty, that does not contain backward-looking question language, if you will. The term controlled substance doesn't have backward-looking language. No, that's true. It's just controlled substance. Well, that's true. That's the ambiguity. So, if you follow me, that if we change the definition of ACCA, we'd apply the new ACCA, not the old one. What I can't tell is, given that controlled substance doesn't have its own definition, if we accept that it's defined by the drug schedule, then why isn't a change in the drug schedule a change in the definition of controlled substance? So, we apply the new definition of controlled substance, just like we'd apply the new definition of serious drug offense in ACCA. I guess the problem is that— Four minutes remaining. The term controlled substance in the guideline doesn't say that it's the federal CSA. It talks about federal law or state law. But could I just—I mean, it seems to me that, just picking up on Judge Barron's question, that this is not a case or an issue that's going to be resolved by the language of the guidelines or McNeil's specific language. We really have to think about what is the policy of federal sentencing. I mean, this is a policy question. And isn't the policy—the basic policy of federal sentencing is to try to create as much uniformity as possible, and then to give the district judge the discretion under the booker and so forth, to sentence appropriately. And what Judge Barron's question is really getting at is that if you apply the law on the date of sentencing, then you're creating the most uniform environment that you can create for judges to sentence him. But if you do what you're suggesting, which is you sort of pick different points in time, then you're creating disparate situations with respect to how defendants present themselves before the court. So it seems to me that that goal of policy is really what should—that plus, as Judge Barron referred to earlier, is the rule of lenity. If we can't figure it out from the in the case law, wouldn't the rule of lenity really put us over the top here? The rule of lenity only applies if there is absolutely an ambiguity after looking at everything else. And here I don't—with respect, I understand the hypothetical, but there you're talking about federal law. This was a change—you have a state court conviction. And the state court conviction in 2014, that's what we look at. There's no question there. We just are now asking, well, what's the comparator for the federal— Yeah, but see, just to sharpen the point, in my hypothetical, there was no question that the state law was the same also. All that changed here is the federal law. And what we're trying to figure out was that change in the federal drug schedule, a change in the definition of a controlled substance. Because if it was, then it's just like my hypothetical where they changed the definition of serious drug offense in ACCA. So I think what I need to hear from you is why is that the wrong reading? How can we avoid that? One possibility is controlled substance isn't defined by the drug schedule. But putting that argument aside, which is a distinct argument, if I accept that controlled substance is defined by the federal drug schedule, what is the ambiguity? Well, you still have the timing issue. And McNeil then dictates what you have to do. I think what Judge Barron's getting at, take CSO. Suppose instead of CSO, it said heroin, cocaine, or marijuana. And that's what it was. And then he gets convicted for marijuana. And then the guideline is changed to instead of saying heroin, cocaine, or marijuana, it simply says heroin or cocaine. And that's how it exists at the time of sentencing. Well, we wouldn't count that prior conviction for marijuana because the guideline changed. And so if we read CSO as simply shorthand for incorporating into the guidelines, the federal statutory definition of CSO, then it's just like the hypothetical I gave you, isn't it? Well, the court should not assume that. Because CSO, I agree with you that if there's a change in the language, the change in the definition of CSO in the guidelines, then clearly the sentencing judge has to apply the that definition didn't change in this case. And there is no reference. There is no basis to assume that the term CSO means federal law. I understand. But just following on Judge Tkaitis' hypothetical, assume for a second that we thought it does mean that. Is there an answer to Judge Tkaitis' question to you that helps the government? I just haven't heard it yet. You're asking if your honors disagreed with Ward and Ruth and held that you have to answer it with reference to federal law. Then we still get into the timing question. That's time. Does anyone have any more questions for Ms. Wickers? Thank you, Ms. Wickers. Thank you. Thank you, counsel. That concludes arguments in this case. Attorney Tomposki and Attorney Wickers, you should disconnect from the hearing at this time.